■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. HAYES, Appellant. [663 NYS2d 1008] —Appeal from a judgment of the County Court of Saratoga County (Seibert, Jr., J.), rendered May 24, 1995, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Upon pleading guilty to murder in the second degree, defendant was sentenced to a prison term of 20 years to life. Defendant now contends on appeal that his plea was not knowing and voluntary as it was obtained by duress. As defendant did not move to withdraw his guilty plea or vacate the judgment of conviction, he has failed to preserve this claim for our review (*see, People v Russell*, 237 AD2d 841; *People v Tien*, 228 AD2d 280, *lv denied* 88 NY2d 970). In any event, defendant's claim is unavailing. A review of the record indicates that defendant was fully informed of the implications of pleading guilty and he was afforded an opportunity to discuss the matter with his

counsel and members of his family. Defendant expressed that he understood these admonitions, he was not forced into making the plea and he was not under the influence of drugs or alcohol. As such, his plea was knowing and voluntary (*see, People v Comer*, 236 AD2d 658; *People v Goss*, 229 AD2d 791, 793). Finally, defendant's challenge to the harshness of his sentence has also not been preserved for our review in light of his waiver of the right to appeal as part of his knowing, voluntary and intelligent guilty plea (*see, People v James*, 238 AD2d 620; *People v Sullivan*, 223 AD2d 893). Nevertheless, were we to consider the merits of this claim, we would conclude that defendant's sentence was neither harsh nor excessive in view of the heinous nature of his crime and the fact that the sentence was in accordance with the plea agreement (*see, People v Nardi*, 232 AD2d 673, 674, *lv denied* 89 NY2d 927; *People v Shuman*, 213 AD2d 902, *lv denied* 86 NY2d 741).

Mikoll, J. P., Mercure, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.