(April 20, 2000)

■ THE PEOPLE OF THE ·STATE OF NEW YORK, Respondent, v JOHN R. FERRERI, Appellant. [707 NYS2d 259] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered June 29, 1998, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant entered a counseled plea of guilty to a single count of burglary in the second degree in full satisfaction of a three-count indictment and any uncharged burglaries that he may have committed in Sullivan County. Defendant's plea of guilty was entered with the express understanding that he would be sentenced as a second felony offender to a prison term of nine years, to run concurrently with a seven-year prison term defendant was serving in Westchester County, and that he would also waive his right to appeal. Defendant was sentenced and entered a waiver of his right to appeal in accordance with the plea bargain; he now appeals.

We affirm. In light of defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction rendered thereon, his challenge to the voluntariness of his plea or the effectiveness of his counsel are unpreserved for our review (*see, People v Doty*, 267 AD2d 616; *People v Johnson*, 267 AD2d 609; *People v Smith*, 248 AD2d 891, *lv denied* 92 NY2d 906). Nevertheless, were we to consider the merits, we would find his claims unpersuasive.

The comprehensive plea colloquy demonstrates that defendant entered a knowing, voluntary and intelligent guilty plea and waiver of appeal (*see, People v Shaw*, 261 AD2d 648; *People v Johnson*, 243 AD2d 997, *lv denied* 91 NY2d 927). Moreover, defendant received an advantageous plea bargain, stated during the plea allocution that he was satisfied with his counsel's performance, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see, People v Ford*, 86 NY2d 397, 404; *People v Smith*, 263 AD2d 676, 677, *lv denied* 93 NY2d 1027). Finally, defendant received the sentence he bargained for, which we conclude was neither harsh nor exces-· sive (*see, People v Ennis*, 254 AD2d 642, *lv denied* 92 NY2d 1048; *People v Poleto*, 252 AD2d 668, *lv denied* 92 NY2d 929; *People v Leibach*, 249 AD2d 636, *lv denied* 92 NY2d 880). Defendant's remaining contentions have been reviewed and found to be meritless.

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.