■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS FEWELL, Also Known as CHRIS SAWYER, Appellant. [725 NYS2d 237] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 13, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

As a result of indictment by a Grand Jury in January 1998, defendant was charged with five counts of criminal possession of a forged instrument in the second degree and five counts of petit larceny, all resulting from an incident during which he cashed forged checks at a bank in the City of Schenectady, Schenectady County. A plea agreement was negotiated pursuant to which defendant was to plead guilty to only one count of criminal possession of a forged instrument in the second degree, receive a prison sentence of 2 to 4 years as a second felony offender, pay restitution and waive his right to appeal. Notably, when defendant appeared with counsel before County Court for entry of the plea, he admitted to a predicate felony, agreed to restitution and waived appeal; the court specifically advised him, prior to the entry of his plea, of the maximum term of punishment for this offense.

After defendant failed to appear for sentencing on two consecutive court dates, he was sentenced, in absentia, as a second felony offender to, *inter alia,* a term of imprisonment of 3½ to 7 years. He now appeals, asserting excessive sentence, failure of County Court to hold a predicate felony hearing, and ineffective assistance of counsel.

With defendant informed of the maximum sentence that could be imposed at the time that he entered his plea and waived his right to appeal, we decline to review "any claim addressed to the harshness or excessiveness of the enhanced sentence [because it] falls within the scope of the waiver of the right to appeal" (*People v Espino,* 279 AD2d 798, 800).

Addressing next the challenge to the predicate felony, the record reflects that defendant acknowledged his prior felony conviction at the time of his plea and, while a predicate felony statement was proffered at sentencing, his failure to appear precluded his receipt; however, his attorney was present and did not challenge the predicate felony statement. Accordingly, since defendant was provided with an opportunity to challenge the predicate felony and, instead, chose to waive his right to do so by failing to appear as ordered, his challenge is meritless (*see, People v Schnackenberg,* 269 AD2d 618, 619, *lv denied* 94 NY2d 925; *People v Diola,* 239 AD2d 961, *lv denied* 91 NY2d 872).

To the extent that defendant preserved a challenge to the effectiveness of his counsel, again we find no basis to disturb the determination rendered (*see*, *People v Baldi*, 54 NY2d 137).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.