■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNANDO J. CHURCH, Appellant. [731 NYS2d 400] —Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 29, 1997, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

In satisfaction of a four-count indictment and unindicted charges arising from a shooting incident in the City of Albany, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and was thereafter sentenced as a second felony offender to the bargained-for term of imprisonment of 6 to 12 years. Notwithstanding defendant's waiver of his right to appeal as part of the plea bargain, he now appeals contending that he was denied the effective assistance of counsel and that the sentence imposed was harsh and excessive.

We affirm. In light of defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction rendered thereon, his claim of ineffective assistance of counsel has not been preserved for our review (*see, People v Ferreri*, 271 AD2d 805, *lv denied* 95 NY2d 834). Were we to consider the merits of defendant's claim, we would conclude that he was afforded meaningful representation. Notwithstanding defendant's contention to the contrary, defense counsel negotiated a favorable plea. Additionally, we are not persuaded that defense counsel's failure to inquire whether youthful offender status was granted with respect to his prior felony conviction rendered representation ineffective. Notably, defendant was provided with notice of and an opportunity to challenge his status as a second felony offender and failed to do so (*see, People v Booker*, 280 AD2d 785, 786; *People v Bachman*, 272 AD2d 718, 719, *lv denied* 95 NY2d 903). Under the circumstances of this case, we likewise reject defendant's claim that he received ineffective assistance of counsel at sentencing due to defense counsel's failure to make a statement on his behalf (*see, People v Charles*, 258 AD2d 740, *lv denied* 93 NY2d 968). Defense counsel indicated that she read the presentence report, noted that there were no factual discrepancies and declined to make a statement. Defendant was sentenced in accordance with his plea agreement which was conditioned upon a specific sentence.

Finally, because defendant's knowing, voluntary and intelligent plea of guilty included his waiver of his right to appeal, his contention that his agreed-upon sentence was harsh and

excessive is not preserved for our review (*see, People v Hayes*, 241 AD2d 627, *lv denied* 90 NY2d 1011). Nevertheless, to the extent that this claim is based on defendant's assertion that he may have been granted youthful offender status upon his prior conviction, the presentence report reflects that the previous offense resulted in a judgment of conviction and, as we have previously noted, defendant never objected to second felony offender status at the time of sentencing. Additionally, based upon a consideration of defendant's criminal history together with the fact that he was properly sentenced in accordance with the plea agreement, his claim that the sentence imposed was harsh and excessive is meritless. Nor does the record reveal any extraordinary circumstances which would compel us to reduce defendant's sentence in the interest of justice (*see, People v Charles, supra*, at 741).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.