■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GREGORY, Appellant. [736 NYS2d 512] —Mugglin, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered August 15, 2000, convicting defendant upon his plea of guilty of the crimes of gang assault in the first degree and assault in the first degree (two counts).

Upon his plea of guilty of the crimes of gang assault in the first degree and two counts of assault in the first degree, defendant was sentenced to concurrent determinate prison terms of 10 years on each count. He contends, on this appeal, that the sentence should be vacated because he was allowed to plead guilty to contradictory crimes, the sentence was harsh and excessive and he did not receive the effective assistance of counsel.

Defendant claims that he pleaded to contradictory crimes because gang assault in the first degree (*see*, Penal Law § 120.07) and assault in the first degree (*see*, Penal Law § 120.10 [1]), under the first two counts of the indictment, require specific intent, while the charge of assault in the first degree under the third count of the indictment, which involves depraved indifference to human life (*see*, Penal Law § 120.10 [3]), depends on reckless conduct and is repugnant to the first two counts. We disagree. Additional facts alleged in the third count that are not present in the first two counts are that defendant and his codefendants poured water on the victim, stripped most of his clothing off, and left him lying unconscious

on the railroad tracks in below freezing temperatures. These additional facts adequately establish that the conduct of defendant evinced a depraved indifference to human life which created a grave risk of death from which the victim luckily escaped (*see, People v Kibbe*, 35 NY2d 407, 414). The record contains an adequate factual basis supporting each of the counts of the indictment and we therefore find no error in the imposition of concurrent sentences on each count.

Next, we are unpersuaded by defendant's argument that the sentence imposed was harsh and excessive. Defendant grounds this argument essentially on two facts, namely, that he was 16 years of age at the time of the commission of these crimes and that he had no prior felony convictions. Notably, despite his age, the preplea investigation reveals pending charges of burglary in the third degree, two convictions for unlawful possession of marihuana and one for petit larceny for which defendant had spent a total of over 100 days in jail. Moreover, the assaults, as noted by County Court, were particularly brutal and senseless and resulted in severe permanent injuries to the victim. We perceive no abuse of discretion or extraordinary circumstances which would dictate interfering with the sentence which was imposed in the sound discretion of the trial court (*see, People v Simon*, 180 AD2d 866, 866, *lv denied* 80 NY2d 838). The sentence imposed was well within the parameters allowable, it was not disproportionate to defendant's conduct and the court considered all relevant factors (*see, People v Hope*, 274 AD2d 673, *lv denied* 95 NY2d 890).

Defendant's claim of ineffective assistance of counsel is founded upon the failure of counsel to raise, and County Court to address, defendant's potential for youthful offender status, the defense of intoxication relative to the element of intent, and a challenge to the counts of the indictment as repugnant. As we have already determined that the counts are not repugnant, we only address the other issues. Insofar as the defense of intoxication is concerned, it cannot be determined from this record whether defense counsel discussed this issue with defendant. No CPL 440.10 motion was made pursuant to which a hearing could be held to develop this issue if, in fact, there is any basis for it. Moreover, the detail with which defendant described his involvement in the crimes would indicate that this defense would ultimately prove unsuccessful.

Finally, with respect to counsel's failure to raise the youthful offender issue, it is apparent that the preplea investigation indicates on its face sheet that defendant is eligible for such status and, thus, the issue was brought to County Court's

attention. The sentencing minutes reveal that defendant made no request for youthful offender adjudication and this failure constitutes a waiver thereof (*see, People v McGowen*, 42 NY2d 905). Whether counsel was therefore ineffective in not raising the issue must be judged in the context of the case and not as an isolated event. The basic issue is " 'whether the defendant received meaningful representation' " (*People v Chevalier*, 226 AD2d 925, 929, *lv denied* 88 NY2d 934, quoting *People v English*, 215 AD2d 871, 873, *lv denied* 86 NY2d 793; *see, People v Brunner*, 244 AD2d 831). Here, defendant received an advantageous plea bargain (*see, People v Ford*, 86 NY2d 397) and stated on the record that he was satisfied with his representation (*see, People v Rafter*, 234 AD2d 711, *lv denied* 89 NY2d 1014). In our view, there is simply no basis upon which to find that defendant did not receive meaningful representation (*see, People v Benevento*, 91 NY2d 708).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.