■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUQUAN T. RICHARDSON, Also Known as CHEEKS, Appellant. [743 NYS2d 324] —Peters, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 2, 2001, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Pursuant to a counseled plea agreement, defendant pleaded guilty to a reduced charge of manslaughter in the first degree in full satisfaction of a four-count indictment charging him with, inter alia, murder in the second degree and attempted murder in the second degree. Defendant's subsequent motion to withdraw the guilty plea was denied following a hearing, and he was thereafter sentenced according to the terms of the plea bargain to a determinate prison term of 18 years. Defendant now appeals, contending that because County Court failed to address his potential status as a youthful offender, this Court should reduce the sentence imposed in the interest of justice. We disagree.

Defendant, who was 17 years old when he committed the crime, waived any consideration of youthful offender status by failing to request such consideration at sentencing (*see*, *People v McGowen*, 42 NY2d 905; *People v Gregory*, 290 AD2d 810,

812). In any event, were we to address the issue, given the gravity of the crime and the lack of mitigating circumstances, we would find that County Court's failure to accord defendant youthful offender status was not an abuse of discretion (*see, People v Ferguson*, 285 AD2d 901, 901-902, *lv denied* 96 NY2d 939; *People v Chappelle*, 282 AD2d 881, 882), nor do we perceive any reason to consider youthful offender treatment in the interest of justice (*see, People v Diaz*, 221 AD2d 749, *lv denied* 87 NY2d 921).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.