■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL HARRIS, Appellant. [768 NYS2d 395]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Main, Jr., J.), rendered July 9, 2001, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of third-degree criminal sale of a controlled substance in satisfaction of a nine-count indictment. In exchange, it was agreed that he would be sentenced to a prison term of 2½ to 7½ years. Defendant executed both a written waiver of his right to appeal and a *Parker* admonishment, wherein he acknowledged that his participation in any illegal conduct during the period of time between the plea hearing and the sentencing hearing would free County Court to impose any legal sentence, including the maximum sentence permitted by law (*see People v Parker*, 57 NY2d 136, 141 [1982]). When defendant perpetrated the crime of bail jumping by failing to appear at his scheduled sentencing hearing, County Court sentenced him in absentia to an enhanced prison term of 5 to 15 years, a legal sentence (*see* Penal Law § 70.00 [2] [b]; [3] [b]).

Defendant appeals the imposition of an enhanced sentence on the ground that County Court neglected to inform him at the plea hearing of the maximum sentence which could be imposed in the event that he failed to appear at the sentencing hearing.

County Court advised defendant that if he failed to appear for sentencing, he "could be sentenced to any legal sentence upon conviction for a Class B felony, which is substantially greater exposure than 7½ years." Defendant stated that he understood and defense counsel advised the court that he had discussed with defendant what that exposure would be, a fact confirmed by defendant's written waiver of appeal. As a result, not only is defendant's argument belied by the record, but the issue raised does not challenge the legality of the sentence and is, therefore, precluded by his waiver (see People v Caines, 268 AD2d 790, 791 [2000], lv denied 95 NY2d 833 [2000]).

As defendant was adequately advised concerning the maximum sentence that could be imposed, we decline to review his claim that his sentence was harsh and excessive (see People v Hidalgo, 91 NY2d 733 [1998]; People v Fewell [Sawyer], 284 AD2d 563 [2001], lvs denied 97 NY2d 681, 687 [2001]). Moreover, as defendant's claim that he was denied the effective assistance of counsel does not allege that the inadequacy of counsel affected the voluntary nature of his plea (see People v Camp, 302 AD2d 629, 630 [2003], lv denied 100 NY2d 593 [2003]), this claim is also precluded by his waiver. The remaining issues raised by defendant have been examined and found to be without merit.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.