■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL A. ROGERS, Appellant. [774 NYS2d 93]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Otsego County (Burns, J.), rendered September 20, 2002, upon a verdict convicting defendant of the crimes of un-

authorized use of a motor vehicle, burglary in the third degree (two counts), petit larceny and grand larceny in the third degree, and (2) from a judgment of said court, rendered October 9, 2002, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and attempted escape in the first degree.

In December 2001, defendant was charged with five counts of grand larceny and burglary stemming from his role in a larcenous crime spree with a friend the previous August. Specifically, defendant was accused of stealing money from two local churches and also stealing a car. On December 21, 2001, defendant pleaded not guilty to all charges, was released on his own recognizance and directed by County Court not to violate any laws. Although a plea bargain had been negotiated to resolve these charges, defendant's subsequent arrest for unlawfully entering a neighbor's home on January 14, 2002 and stealing his luxury vehicle resulted in the withdrawal of that offer. Thereafter, yet another plea offer was extended by the People to again resolve all of the then outstanding charges against defendant, who by this time was incarcerated. This offer was also withdrawn following yet more charges against defendant stemming from his assault of a correction officer and attempted escape from jail.

Defendant ultimately went to trial on all charges pertaining to the four separate incidents of burglary and grand larceny and was found guilty of unauthorized use of a vehicle, grand larceny in the third degree, petit larceny and two counts of burglary in the third degree. For these crimes, he received an aggregate sentence of 3 to 9 years in prison. With respect to the charges stemming from his conduct while incarcerated, defendant ultimately pleaded guilty to assault in the second degree and attempted escape in the first degree. For these crimes, he received two years on the assault count and 1 to 3 years on the escape count to run concurrently with each other but consecutively with the sentences imposed on all other convictions. Defendant appeals.

First, defendant, who was 16 years old when he committed each of the crimes at issue, waived his right to be considered for youthful offender treatment by failing to request it at sentencing (see People v McGowen, 42 NY2d 905, 906 [1977]).* Given the totality of defendant's conduct, no basis exists upon which

---

* Defendant importunes this Court, to the extent we "feel[ ] bound" by the Court of Appeals decision in People v McGowen (supra), to express "dissatisfaction with that holding." We have no authority, nor inclination, to deviate from the holding of this case.

to exercise our interest of justice power to consider the issue now (*see People v Howard*, 1 AD3d 718 [2003]; *People v Richardson*, 295 AD2D 704 [2002], *lvs denied* 98 NY2d 709, 713 [2002]). Next, when judged in the context of the entire case, we find that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]) despite defense counsel's failure to request youthful offender adjudication (*see e.g. People v Gregory*, 290 AD2d 810, 811-812 [2002], *lv denied* 98 NY2d 675 [2002]) or a *Huntley* hearing (*see e.g. People v Jurjens*, 291 AD2d 839 [2002], *lv denied* 98 NY2d 652 [2002]; *People v Goncalves*, 283 AD2d 1005 [2001], *lv denied* 96 NY2d 918 [2001]; *People v Dragoon*, 256 AD2d 653 [1998], *lv denied* 92 NY2d 1048 [1999]). Finally, we have reviewed defendant's arguments in favor of a sentence reduction and are unpersuaded.

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgments are affirmed.