■ The People of the State of New York, Respondent, v Jeffrey G. Brainard, Appellant. [779 NYS2d 599]—

Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 24, 2003, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with driving while intoxicated as a class D felony. He pleaded guilty to the charge. No sentencing promise was made as part of the plea agreement. Rather, defendant was placed on interim probation for a period of one year and sentencing was adjourned until June 24, 2003. Prior to sentencing, the St. Lawrence County Probation Department reported that defendant had violated the terms of his interim probation and recommended that he be sentenced to a substantial period of incarceration. Thereafter, County Court revoked defendant's license, sentenced him to 1½ to 4½ years in prison, and imposed a $2,000 fine and $210 surcharge. He now appeals.

Defendant contends that there was insufficient evidence of his violation of any of the conditions of his interim probation to warrant County Court's imposition of a term of imprisonment. We disagree. Although defendant disputes the allegations contained in the Probation Department's memorandum that he ingested alcohol numerous times while on probation, he does not contest the notation that he changed his residency without notifying the Probation Department. Contrary to defendant's claim, this was a clear violation of the conditions of his probation. Sufficient evidence was presented supporting County Court's decision not to continue defendant on probation, but to sentence him to a period of incarceration (*see People v Dixon*, 295 AD2d 699, 700 [2002], *lv denied* 98 NY2d 709 [2002]). Moreover, inasmuch as County Court provided defendant the opportunity at sentencing to call witnesses concerning the alleged probation violations, which he declined, he was not deprived of his right to a hearing (*see id.* at 700). Therefore, we find no reason to disturb the judgment of conviction.

Mercure, J.P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.