■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC BLAYDES, Appellant. [797 NYS2d 630]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 3, 2002, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Facing multiple charges of felony drug sale and possession,

defendant waived indictment and accepted an offer to plead guilty to a superior court information charging him with one count of attempted criminal sale of a controlled substance in the third degree. Defendant signed a memorandum of understanding setting forth the details of the plea bargain and providing that if defendant cooperated with law enforcement in an investigation of drug-related activities, he would receive a prison term of 3 to 6 years. However, if he did not cooperate and failed to appear for sentencing, he would receive a sentence of 15 years to life as a persistent felony offender. During his plea allocution, defendant conceded that he had been convicted of two prior felonies, he affirmed that he understood the terms of the memorandum of understanding and he waived his right to appeal. As part of the plea agreement, defendant also signed a *Parker* admonishment. After he failed to appear for sentencing on two consecutive court dates, the People filed a persistent felony offender statement and defendant was sentenced, in absentia, as a persistent felony offender to a prison term of 15 years to life in accordance with the terms of the plea agreement. Defendant now appeals, asserting the failure of County Court to hold a persistent felony hearing and ineffective assistance of counsel.

Initially, defendant's claim of ineffective assistance of counsel is foreclosed by his waiver of the right to appeal as it does not bear on the voluntariness of his plea (*see People v Lane*, 1 AD3d 801, 803 [2003], *lv denied* 2 NY3d 742 [2004]). Nor is this claim preserved for our review in light of defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction (*see People v Church*, 287 AD2d 788, 788 [2001], *lv denied* 97 NY2d 680 [2001]; *People v Ferreri*, 271 AD2d 805, 805 [2000], *lv denied* 95 NY2d 834 [2000]). Were we to consider it, we would conclude that he was afforded meaningful representation. As to his status as a persistent felony offender, the record reflects that defendant acknowledged his prior felony convictions at the time of his plea and a persistent felony statement was properly furnished by the People (*see* CPL 400.20). Defendant's failure to appear precluded his receipt thereof, however, and deprived his attorney of any arguable basis for mitigating or challenging the statement. Accordingly, since defendant was provided with an opportunity to challenge the persistent felony statement and, instead, chose to waive his right to do so by failing to appear at sentencing, his claim is meritless (*see People v Fewell [Sawyer]*, 284 AD2d 563, 563 [2001], *lv denied* 97 NY2d 681, 687 [2001]).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.