■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD REID, Appellant. [801 NYS2d 437]—Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 8, 2003, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the second degree.

Defendant was charged with course of sexual conduct against a child in the second degree stemming from his repeated sexual contact with his underage son. Defendant waived indictment and agreed to plead guilty to course of sexual conduct against a child in the second degree. During the plea colloquy, County Court advised defendant of the rights he was giving up by virtue of his plea, including his right to assert a potential defense of intoxication. Defendant thereafter admitted that on at least two occasions between April 2001 and May 2002 he engaged in sexual conduct with a child under the age of 13. Defendant was sentenced to a prison term of two years followed by a three-year period of postrelease supervision. County Court also issued an order of protection prohibiting defendant from having contact with his son. Counsel indicated that he might seek a modification of the order at a later time, but raised no further objection to the order of protection. Defendant now appeals.

Initially, defendant's claim that his plea allocution was insuf-

ficient is not preserved for our review in light of his failure to move to withdraw his guilty plea or to vacate the judgment of conviction (*see People v Church*, 287 AD2d 788, 788 [2001], *lv denied* 97 NY2d 680 [2001]; *People v Ferreri*, 271 AD2d 805, 805 [2000], *lv denied* 95 NY2d 834 [2000]). The exception to the preservation rule is inapplicable as defendant did not make any statements that were inconsistent with his guilt such as to negate an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Ward*, 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]), and he opted to waive a possible intoxication defense after discussing it with his attorney. In any event, defendant's unpreserved attack on his plea allocution is refuted by the record, which reveals that the plea was knowingly, voluntarily and intelligently entered (*see People v Baker*, 301 AD2d 868, 869 [2003], *lv dismissed* 99 NY2d 625 [2003]; *People v Kemp*, 288 AD2d 635, 636 [2001]). Defendant's remaining claim that the order of protection was not part of the plea agreement is not preserved for our review (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 315-317 [2004]) and, in any event, the order was properly issued pursuant to CPL 530.12 (5) given the parent-child relationship here (*see People v Goodband*, 291 AD2d 584, 585 [2002]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.