■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WISE, Appellant. [815 NYS2d 328]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered February 6, 2004, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.

Waiving his right to appeal, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree and was thereafter sentenced to concurrent prison terms of 2 to 6 years and four years, respectively. Defendant now appeals, asserting that he was deprived of the right to the effective assistance of counsel and improperly denied youthful offender status.

Inasmuch as defendant's claim of ineffective assistance of counsel does not impact upon the voluntariness of his plea, it is not properly before us due to his waiver of appeal (*see People v Blaydes*, 19 AD3d 935, 936 [2005], *lv denied* 5 NY3d 803 [2005]).

Even if we were to consider it, we would find the claim to be lacking in merit. Specifically, the record does not support defendant's contention that defense counsel became a witness against him at the initial sentencing proceeding. Rather, after defendant indicated that he was thinking about asking to have his plea withdrawn, defense counsel merely advised the court as to how the case ultimately evolved to the point of entering the guilty plea. At no time did defense counsel take a position which could be construed as adverse to defendant (*compare People v Jones*, 223 AD2d 559 [1996]; *People v Santana*, 156 AD2d 736 [1989]).

Defendant's appeal waiver also precludes us from reviewing his assertion that County Court erred in denying him youthful offender status (*see People v Anderson*, 23 AD3d 765, 766 [2005]; *People v Baker*, 6 AD3d 751, 751 [2004]). In any event, defendant was aware that the negotiated plea agreement did not include youthful offender treatment (*see People v Sharlow*, 12 AD3d 724, 726 [2004], *lv denied* 4 NY3d 748 [2004]) and the record fails to demonstrate that County Court abused its discretion in ultimately deciding to deny it (*see People v Driggs*, 24 AD3d 888, 888 [2005]; *People v McGinnis*, 8 AD3d 756, 757 [2004].

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.