■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMELL SMITH, Appellant. [824 NYS2d 504]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered January 13, 2005, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant pleaded guilty to assault in the second degree in full satisfaction of a four-count indictment. As part of the plea, defendant executed a comprehensive written waiver of his right to appeal. Defendant, who was 17 years old at the time of his arrest, was denied youthful offender status and sentenced, in accordance with the plea agreement, to two years in prison with three years of postrelease supervision.

Defendant initially asserts that he did not enter into the plea agreement knowingly or intelligently. While such a contention survives defendant's waiver of appeal, his failure to move to vacate the judgment of conviction or to withdraw his plea renders the matter unpreserved for appellate review (*see People v Turner*, 27 AD3d 962, 962 [2006]). Furthermore, we are unpersuaded that "the record casts significant doubt on defendant's guilt so as to present an exception to the preservation requirement" (*People v Campbell*, 29 AD3d 1083, 1084 [2006]), *lv denied* 7 NY3d 786 [2006]). Notably, defendant did admit his intent to cause physical injury to the victim, who, among other things, sustained a broken sternum caused, at least in part, by defendant's kicks.

Finally, defendant contends that County Court abused its discretion in denying him youthful offender status. Inasmuch as such contention was not specifically excluded from his waiver of appeal (*see People v Driggs*, 24 AD3d 888, 889 n [2005]), such waiver precludes us from considering it here (*see People v Wise*, 29 AD3d 1216, 1217 [2006], *lv denied* 7 NY3d 852 [2006]). In any event, were we to consider the issue, we would note that, despite the existence of positive factors in defendant's favor, given, among other things, the serious nature of the subject crime and defendant's participation therein, we do not find that County Court abused its considerable discretion in denying defendant youthful offender status (*see People v Delfino*, 32 AD3d 1109, 1110 [2006]).

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.