■ The People of the State of New York, Respondent, v Michael J. Hopper, Appellant. [835 NYS2d 476]—

Spain, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered May 25, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

In 2004, defendant and two codefendants were jointly indicted on two counts of first degree robbery for their participation in a violent robbery of a hotel in the Town of Lake George, Warren County. During the robbery, the front-desk clerk was threatened with a knife and tied up with a rope by the codefendants, who stole money from the hotel safe, a computer and other items, while defendant cut the phone lines and stood over the victim, acting as a lookout. Pursuant to a negotiated, counseled agreement, defendant pleaded guilty to robbery in the first degree and waived his right to appeal upon County Court's promise to sentence him to a determinate period of imprisonment of between five and eight years with up to five years of postrelease supervision. Upon his conviction, defendant was sentenced to six years in prison with three years of postrelease supervision, ordered to pay restitution, and an order of protection was issued in favor of the victim.

Defendant contends that his appeal waiver and guilty plea were not knowing, voluntary and intelligent, primarily because County Court did not apprise him on the record during his plea of his right to pursue youthful offender adjudication and sentencing (*see* CPL art 720; Penal Law § 60.02). While defendant's involuntariness claims survive his appeal waiver, they are unpreserved due to his failure to move to withdraw his plea or to vacate the judgment of conviction (*see People v Smith*, 34 AD3d 1127, 1127 [2006]; *People v Sharlow*, 12 AD3d 724, 725 [2004], *lv denied* 4 NY3d 748 [2004]). Upon our review, we find that the record sufficiently establishes that the court repeatedly outlined—and that defendant understood—the distinct terms and consequences of the plea, including the possible sentencing parameters and defendant's separate waiver of the right to appeal which the court explained in understandable terms and which defendant indicated he had discussed with his attorney (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Crowley*, 34 AD3d 866, 866-867 [2006], *lv denied* 7 NY3d 924 [2006]; *People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]; *cf. People v Guthinger*, 36 AD3d 1075 [2007]; *People v Phillips*, 28 AD3d 939, 939 [2006], *lv denied* 7 NY3d 761 [2006]).

Further, the pre-plea investigation report determined that defendant was eligible for youthful offender treatment but recommended against it; the record does not contain any further discussion of the matter or a request for youthful offender treatment, and the plea agreement made no mention of it, clearly reflecting that it was not part of the deal. Defendant, who was about five weeks short of his nineteenth birthday at the time of this crime, waived his right to be considered for youthful offender treatment by failing to request it at sentencing, although the pre-plea investigation report—which was also used at sentencing upon consent—had indicated his eligibility (*see People v McGowen*, 42 NY2d 905, 906 [1977]; *People v Rogers*, 5 AD3d 871, 873 [2004], *lv denied* 3 NY3d 711 [2004]; *People v Howard*, 1 AD3d 718, 719 [2003]; *People v Richardson*, 295 AD2d 704, 704 [2002], *lvs denied* 98 NY2d 709, 713 [2002]; *People v Gregory*, 290 AD2d 810, 812 [2002], *lv denied* 98 NY2d 675 [2002]). Contrary to defendant's claims, County Court was not obligated to raise the subject of youthful offender treatment at sentencing, after defendant had entered into the negotiated plea agreement which he knew did not include youthful offender treatment (*see People v McGowen, supra* at 906; *People v Wise*, 29 AD3d 1216, 1217 [2006], *lv denied* 7 NY3d 852 [2006]). If the merits were addressed, we would find no abuse of County Court's considerable discretion in not granting youthful of-

fender treatment to defendant, in view of the violent, premeditated nature of this crime and defendant's active involvement (*see People v Smith, supra* at 1127; *People v Baker,* 6 AD3d 751 [2004]; *People v Richardson, supra* at 704).

Next, defendant's contention that he received ineffective assistance of counsel due to counsel's failure to pursue youthful offender treatment is unpreserved (*see People v Sharlow, supra* at 726). In any event, when judged in the context of the entire case and in view of the highly advantageous plea bargain and defendant's expressed satisfaction with counsel's representation, we perceive no basis upon which to find that counsel's nonpursuit of youthful offender treatment (which was a doubtful prospect in light of the recommendation of probation) deprived him of meaningful representation (*see People v Gregory, supra* at 812; *see also People v Rogers, supra* at 873).

Defendant's challenge to the agreed-upon sentence is foreclosed by his valid waiver of the right to appeal (*see People v Lopez, supra* at 255; *People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Clow,* 10 AD3d 803, 804 [2004]). Despite his protests of being treated unfairly because a codefendant received a shorter jail sentence, the record is devoid of any way to compare the degree of complicity, criminal history or any other factors related to the codefendants which went into County Court's sentencing decisions. Moreover, in his plea of guilty to this very serious violent felony offense, defendant admitted to playing an active role in a reprehensible crime in which property was stolen and the vicitm was severely traumatized. Accordingly, we find nothing harsh and excessive about the sentence, despite his clean record.

Finally, defendant never objected to County Court's issuance of the order of protection, which is not part of the sentence and, thus, his claim—that it was not part of the plea agreement—should have been, but was not, preserved for appeal (*see People v Nieves,* 2 NY3d 310, 315-317 [2004]; *People v Crowley,* 34 AD3d 866, 867 [2006], *lv denied* 7 NY3d 924 [2006]). We decline to exercise our discretion to take corrective action in the interest of justice.

Defendant's remaining claims are precluded by his waiver of appeal and, in any event, lack merit.

Cardona, P.J., Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.