■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRENCH, Appellant. [898 NYS2d 896]—

Malone Jr., J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered July 3, 2008, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with driving while intoxicated. Pursuant to a negotiated plea bargain, defendant pleaded guilty as charged, waived his right to appeal and was placed on one year of interim probation that required, among

other things, defendant to successfully participate in the Warren County Treatment Court. During the plea proceedings, defendant executed a treatment court contract indicating that he would abide by all the terms and conditions of that program and was informed that his failure to do so would result in his termination from treatment court and a prison sentence of $1^1/_3$ to 4 years. After defendant violated the terms of his interim probation, County Court imposed the enhanced sentence. Defendant appeals.

We affirm. Contrary to defendant's assertion, County Court did not abuse its discretion by imposing the enhanced sentence without conducting a formal hearing (*see People v Valencia*, 3 NY3d 714, 715-716 [2004]; *People v Outley*, 80 NY2d 702, 712-713 [1993]). The violation of interim probation petition alleged that defendant failed to fulfill the special condition that he "[a]void injurious and vicious habits" and that he did not comply with all of the requirements of treatment court. Specifically, the petition asserted that defendant was sanctioned to jail during a session of treatment court and that, while being escorted out of the session by a correction officer, defendant verbally abused a treatment court coordinator and threatened his probation officer with violence. The record includes a sworn statement from the correction officer supporting the allegations in the petition.

Moreover, upon arriving in County Court—which had also presided over the session of treatment court when defendant was sanctioned—in regard to the violation petition, defendant approached his probation officer in a threatening manner. County Court observed the incident and asked defendant if he had anything to say. Defendant made several inappropriate and obscenity-filled responses. Following defendant's diatribe, after observing that defendant had been convicted of driving while intoxicated on seven occasions and that he had been arrested 26 times in 24 years, County Court began reciting its understanding of the events resulting in defendant's violation petition. Defendant disrespectfully interrupted County Court's recitation of those events and the court thereafter imposed the enhanced sentence. Under such circumstances, we have no difficulty concluding that County Court imposed the enhanced sentence only after it was sufficiently assured that the information upon which it based the sentence was reliable and accurate (*see People v Saucier*, 69 AD3d 1125, 1126 [2010]; *People v Rollins*, 50 AD3d 1535, 1536 [2008], *lv denied* 10 NY3d 939 [2008]; *see generally People v Dixon*, 295 AD2d 699, 700-701 [2002], *lv denied* 98 NY2d 709 [2002]).

Finally, defendant's appeal waiver—which he does not challenge—forecloses our review of his ineffective assistance of counsel claim because he does not allege that it affected the voluntariness of his plea (*see People v Wise*, 29 AD3d 1216, 1216 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Blaydes*, 19 AD3d 935, 936 [2005], *lv denied* 5 NY3d 803 [2005]).

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.