■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REECE RUDOLPH, Appellant. [927 NYS2d 406]—

Lahtinen, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered July 2, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of a five-count indictment. The terms of the plea agreement provided that defendant would be sentenced to a determinate prison sentence of as few as two and as many as nine years to be followed by two years of postrelease supervision, depending upon his level of cooperation with the authorities and compliance with the terms of his release between the plea and sentencing date. A recommendation of participation in a shock incarceration or comprehensive alcohol and substance abuse treatment program was also contemplated by the plea agreement. Defendant was ultimately sentenced to five years in prison and two years of postrelease supervision, with a recommendation for the comprehensive alcohol and substance abuse treatment program. Defendant now appeals.

Defendant contends that County Court should have considered him for youthful offender status and that counsel's failure to pursue youthful offender treatment at sentencing rendered his assistance ineffective. It is clear from the record that at the time defendant entered into the negotiated plea agreement, he was aware that it did not include youthful offender treatment. Additionally, the presentence investigation report indicated that

defendant would potentially be a candidate for youthful offender treatment but made no recommendation in that respect. Defendant subsequently waived his right to be considered for youthful offender treatment by failing to make a request for such consideration (*see People v Wise*, 29 AD3d 1216, 1217 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Howard*, 1 AD3d 718, 719 [2003]; *People v Gregory*, 290 AD2d 810, 811-812 [2002], *lv denied* 98 NY2d 675 [2002]). Under such circumstances, County Court was not required to address the issue at sentencing (*see People v Hopper*, 39 AD3d 1030, 1031 [2007]).

Because defendant's claim of ineffective assistance of counsel "does not impact on the voluntariness of his plea, it is not properly before us due to his [valid] waiver of appeal" (*People v Wise*, 29 AD3d at 1216; *see People v Howard*, 1 AD3d at 719).

Peters, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.