■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS R. ILDEFONSO, Appellant. [932 NYS2d 921]—

Kavanagh, J.

In satisfaction of a four-count indictment charging him with, among other things, robbery in the third degree, defendant pleaded guilty to two counts of criminal mischief in the fourth degree, both class A misdemeanors, and waived his right to appeal. He was sentenced pursuant to a plea agreement to a term of one year in jail on each count, to be served concurrently. Thereafter, in satisfaction of a 15-count indictment, defendant again pleaded guilty to two class A misdemeanors—aggravated harassment in the second degree and reckless endangerment in the second degree—and waived his right to appeal. He was sentenced pursuant to a plea agreement to concurrent one-year jail terms to be served concurrently to those previously imposed. Defendant now appeals.

Defendant contends that he was denied the effective assistance of counsel because he was not assigned the same counsel on both indictments and due to failures he attributes to his assigned counsel on the second indictment. Initially, the valid waivers of his right to appeal preclude defendant's claim of ineffective assistance to the extent that it did not impact on the voluntariness of his pleas (*see People v Santos-Rivera*, 86 AD3d 790, 790-791 [2011]; *People v Rudolph*, 85 AD3d 1492, 1493 [2011]). Furthermore, such a claim regarding voluntariness is unpreserved by virtue of his failure to move to withdraw the pleas or vacate the judgments of conviction (*see People v Haskins*, 86 AD3d 794, 796 [2011]; *People v Planty*, 85 AD3d 1317, 1318 [2011], *lv denied* 17 NY3d 820 [2011]). In any event, the record demonstrates that, during each of the plea allocutions, defendant stated that he had ample time to confer with

counsel, was satisfied with counsel's services and was pleading guilty of his own free will and, moreover, he obtained advantageous plea agreements (*see People v Shurock*, 83 AD3d 1342, 1344 [2011]).

Spain, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the judgments are affirmed.