Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered February 11, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of one count of burglary in the first degree (Penal Law § 140.30 [2]) in connection with an incident in which a 64-year-old man was brutally assaulted in his home. We reject defendant’s contention that he was deprived of effective assistance of counsel as a result of defense counsel’s failure to request a youthful offender adjudication at the time of sentencing. Where, as here, defendant received “an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ford, 86 NY2d 397, 404 [1995]), defense counsel’s failure to seek youthful offender status does not constitute ineffective assistance of counsel (see People v Hopper, 39 AD3d 1030, 1032 [2007]; People v Gregory, 290 AD2d 810, 812 [2002], lv denied 98 NY2d 675 [2002]; see generally People v Cox, 75 AD3d 1136, 1136 [2010], lv denied 15 NY3d 919 [2010]). Moreover, defendant’s sentence is not unduly harsh or severe, and we decline to exercise our power to *1557 adjudicate defendant a youthful offender as a matter of discretion in the interest of justice (see People v Phillips, 289 AD2d 1021, 1022 [2001]; see generally CPL 470.15 [6] [a]). Present— Centra, J.P, Peradotto, Sconiers, Valentino and Martoche, JJ.