Rose, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 18, 2012, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
In April 2011, after waiving indictment and agreeing to be prosecuted by a superior court information, defendant pleaded guilty to attempted burglary in the third degree. Pursuant to the plea agreement, he waived his right to appeal and County Court agreed to place defendant on interim probation for one year, which included several conditions, including that defendant abstain from alcohol use, comply with his curfew and “[b]e gainfully employed at suitable verifiable employment and/or attend school on a regular basis.” Upon successful completion of interim probation, defendant was to be granted youthful offender status and sentenced to five years of probation. If he did not successfully complete interim probation, however, the court advised him that it was not bound by the commitment and was *1302 free to sentence him to up to four years in prison. After entering the negotiated plea, defendant was released to probation supervision; however, in July 2011, defendant was remanded to jail pending further proceedings as a result of allegations by the Probation Department that he violated a term of his release by consuming alcohol. In August 2011, upon receiving new assurances of future compliance from defendant, the court chose to honor the prior commitment and place defendant on one year of interim probation, with final sentencing adjourned until July 18, 2012.
Thereafter, prior to that sentencing date, the Probation Department submitted a report which, among other things, detailed certain alleged violations of interim probation by defendant.* Subsequently, at the scheduled sentencing proceeding, County Court found that defendant failed to comply with all the terms of his interim probation and declined to adjudicate him a youthful offender. The court sentenced defendant to, among other things, six months in jail and five years of probation. This appeal followed.
We affirm. Contrary to defendant’s argument, County Court did not violate his constitutional rights or “abuse its discretion by imposing the enhanced sentence without conducting a formal hearing” (People v French, 72 AD3d 1397, 1398 [2010], lv denied 15 NY3d 804 [2010]). Notably, a full evidentiary hearing is not required under circumstances such as these as long as the defendant is afforded an opportunity to respond and the court “conduct[s] an inquiry of sufficient depth to assure itself that the information upon which it bases the sentence is reliable and accurate” (People v McDevitt, 97 AD3 1039, 1041 [2012], lv denied 20 NY3d 987 [2012] [internal quotation marks and citation omitted]).
Here, defendant was afforded a full opportunity to be heard and the record confirms that he disputed certain of the allegations against him, such as the claim that he possessed alcohol and failed to seek employment and pay restitution in violation of the conditions of his interim probation. Nevertheless, defendant did not dispute the other allegations, including a claim that he left the state without permission (see People v Brainard, 8 AD3d 909, 910 [2004]). Under the circumstances, we conclude that the evidence was “sufficient to support the conclusion that defendant violated the conditions of his interim probation” *1303 (People v Dissottle, 68 AD3d 1542, 1544 [2009], lv denied 14 NY3d 799 [2010]).
Lahtinen, J.E, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

 Although defendant argues that County Court should not have reviewed the Probation Department report because it is unsworn, by not objecting, defendant failed to preserve this issue for our review (see People v Dissottle, 68 AD3d 1542, 1544 [2009], lv denied 14 NY3d 799 [2010]).