Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered November 19, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal posses *1342 sion of stolen property in the fourth degree. He thereafter pleaded guilty to that crime in full satisfaction of this charge and certain uncharged crimes and waived his right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years, with the sentence to run concurrently with a sentence he was already serving. Defendant appeals.
We affirm. Defendant’s valid waiver of the right to appeal his conviction and sentence, which he does not challenge, forecloses his claims of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance directly affected the voluntariness of his plea (see People v Ildefonso, 89 AD3d 1327, 1327 [2011]; People v Santos-Rivera, 86 AD3d 790, 790 [2011], lv denied 17 NY3d 904 [2011]). Such claims regarding the voluntariness of his plea are unpreserved for review, however, as the record does not reflect that defendant made an appropriate postallocution motion (see People v Aitken, 101 AD3d 1383, 1384 [2012], lv denied 21 NY3d 1040 [2013]; People v DeJesus, 96 AD3d 1295, 1295 [2012]). Defendant’s remaining claim, that his sentence is harsh and excessive, is foreclosed by his valid waiver of the right to appeal (see People v Marshall, 108 AD3d 884, 884 [2013], lv denied 22 NY3d 957 [2013]; People v Passino, 104 AD3d 1060, 1061 [2013], lv denied 22 NY3d 1157 [2014]).
Peters, P.J., Lahtinen, McCarthy and Devine, JJ., concur.
Ordered that the judgment is affirmed.