■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA BOLER, Appellant.—Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered May 8, 1990, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant's only contention on appeal is that County Court's sentence of imprisonment disregarded the recommendation in the presentence report of probation and it was,

therefore, harsh and excessive. Initially, we note that a recommendation by a probation department with respect to sentencing is not binding on the court, especially where, as here, defendant was on probation when she committed the crime for which she now stands convicted (see, People v Arogundy, 112 AD2d 1003, 1004, lv denied 66 NY2d 761). Given her admission that the substantial amount of crack that she possessed was exclusively hers, defendant received an advantageous plea agreement, which included the prosecution's agreement that her plea and sentence of 1 to 3 years' imprisonment would satisfy any violation of probation charge. Finally, defendant's sentence was well within the statutory guidelines (see, Penal Law § 70.00 [2] [c]; [3] [b]) and she pleaded guilty knowing that she would receive the sentence ultimately imposed by the court. Under the circumstances, it cannot be concluded that County Court abused its discretion in imposing a sentence of imprisonment (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899; People v McManus, 124 AD2d 305; People v Kazepis, 101 AD2d 816).

Mahoney, P. J., Casey, Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.