■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL L. BATES, Appellant. [802 NYS2d 556]—Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 7, 2002, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with robbery in the

second degree after he and an unapprehended accomplice accosted a young man at a home in Broome County and took $350. In October 2001, he pleaded guilty to attempted robbery in the second degree in full satisfaction of the charge and, in exchange, was to be sentenced to three years in prison to be followed by three years of postrelease supervision. Prior to sentencing, County Court agreed to release defendant from custody to allow him to spend time with his infant daughter and to take care of personal matters. It admonished him, however, that if he did not appear for sentencing, a seven-year prison term could be imposed, and defendant communicated his understanding. The court scheduled sentencing for February 5, 2002. When defendant failed to appear on that date, County Court issued a bench warrant for his arrest. On August 7, 2002, after defendant was apprehended, County Court sentenced him to a seven-year prison term to be followed by a five-year period of postrelease supervision.

Defendant's sole contention on appeal is that the sentence is harsh and excessive. Based upon our review of the record, we disagree. At the time he was released from custody, defendant was clearly informed of the consequences of his failure to appear for sentencing, including the potential filing of the additional charge of bail jumping. He nevertheless did not appear, choosing instead to remain in Harrisburg, Pennsylvania, for approximately six months without contacting his attorney, allegedly for the purpose of caring for his child, until he was finally apprehended by police. Defendant's blatant disregard of the court's admonition and acknowledgment of the ramifications of his failure to appear at sentencing, together with the nature of the underlying crime and the People's forebearance regarding the bail jumping charge, persuades us that neither extraordinary circumstances nor an abuse of discretion exist warranting a reduction of the sentence in the interest of justice (*see e.g. People v Johnson*, 20 AD3d 591 [2005]).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.