■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN R. McLUCAS, Appellant. [871 NYS2d 482]—

Kavanagh, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 15, 2007, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant was charged in a nine-count indictment with three counts each of burglary in the third degree, petit larceny and criminal mischief in the fourth degree. Each charge stemmed from allegations that, on three separate occasions, defendant broke into a local establishment and stole money, a cash register and alcohol. Pursuant to a negotiated agreement, defendant pleaded guilty to one count of burglary in the third degree in full satisfaction of all charges contained in the indictment, with the understanding that sentencing would be adjourned to allow defendant to participate in drug treatment court and related drug rehabilitation programs. To that end, defendant executed a contract providing, in relevant part, that if he successfully completed the drug treatment court program, he would be sentenced to a five-year period of probation.* While the possibility of a youthful offender adjudication also was discussed at the

---

* If defendant failed to abide by the terms of the contract, a prison term of 1 to 3 years would be imposed.

time this agreement was negotiated, it was not made part of defendant's drug treatment court contract, nor was it made a condition of defendant's plea. Ultimately, County Court concluded that defendant had satisfied his obligations under the contract and imposed a five-year period of probation, but denied defendant's request that he be adjudicated a youthful offender. Defendant now appeals.

We affirm. The decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed (*see People v Driggs*, 24 AD3d 888, 889 [2005]; *People v McGinnis*, 8 AD3d 756, 757 [2004]; *People v Ferguson*, 285 AD2d 901, 902 [2001], *lv denied* 96 NY2d 939 [2001]). Here, the only commitment made by County Court at the time defendant negotiated his plea was that he would be placed on probation if he faithfully performed all of his obligations under the drug treatment court contract. While a youthful offender adjudication was discussed, no commitment to that effect was ever made and, as noted, it was not part of defendant's drug treatment court contract. In addition, we note that defendant took more than three years to complete what is normally a one-year program regimen and, during that period, repeatedly was cited with numerous violations of the program's rules and regulations. Accordingly, we cannot say that County Court abused its discretion in denying defendant youthful offender status. Finally, contrary to defendant's assertion, "[t]here is no constitutional right to youthful offender status" (*People v Drayton*, 39 NY2d 580, 584 [1976]) and, hence, the denial of it here does not give rise to a due process violation.

Peters, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.

