■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN STECK, Appellant. [923 NYS2d 234]—

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 15, 2010, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and burglary in the third degree.

In satisfaction of a superior court information charging him with burglary in the second degree, defendant pleaded guilty to burglary in the third degree. Under the terms of the plea agreement, he was to serve a period of interim probation which, if successfully completed, would result in a reduction of the charge to petit larceny and a youthful offender adjudication with a sentence of probation. In addition, defendant signed a *Parker* admonishment. Prior to sentencing, defendant was charged with four counts of robbery in the second degree and two counts of assault in the third degree in violation of the *Parker* admonishment. As a result, County Court indicated its intention not to sentence defendant as a youthful offender and to impose a sentence of 2¹/₃ to 7 years on the burglary conviction. With regard to the other crimes, a plea offer was extended under which defendant would plead guilty to robbery in the second degree and be sentenced to 10 years in prison, to be followed by five years of postrelease supervision, to run concurrently with the other sentence. Defendant accepted the plea offer and was sentenced accordingly. He now appeals.

Defendant argues that the sentence is harsh and excessive. Based upon our review of the record, we disagree. While he was awaiting sentencing on the burglary conviction, defendant participated in a series of robberies, many of which involved elderly victims. During these robberies, he engaged in intimidating and threatening conduct while acting as part of a gang. In view of this, as well as defendant's flagrant disregard of the *Parker* admonishment, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Favor*, 49 AD3d 915, 916 [2008]; *People v Bates*, 22 AD3d 963, 964 [2005]). Additionally, County Court specifically advised defendant at the time of the plea that it would not grant him youthful offender status. The court's denial of that status did not constitute an abuse of discretion (*see People v Wise*, 29 AD3d 1216, 1217 [2006], *lv denied* 7 NY3d 852 [2006]).

Peters, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.