■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAAL CLARK, Appellant. [925 NYS2d 674]—

Rose, J.P. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 7, 2010, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant and his codefendant jointly were indicted and charged with two counts of robbery in the second degree. In full satisfaction thereof, defendant pleaded guilty to one count of robbery in the second degree and was sentenced to the agreed-upon prison term of 3½ years followed by five years of post-release supervision. Defendant now appeals, contending that County Court abused its discretion in denying his application for youthful offender status.

We affirm. "The decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (*People v McLucas*, 58 AD3d 950, 951 [2009] [citations omitted]; *see People v Boyce*, 2 AD3d 984, 987 [2003], *lv denied* 2 NY3d 796 [2004]; *People v Mettler*, 259 AD2d 834, 835 [1999]). Although the Probation Department recommended that defendant be accorded youthful offender status, that recommendation was not binding on the sentencing court (*see People v Boler*, 177 AD2d 738, 739 [1991]), and defendant was aware that his plea agreement did not include youthful offender treatment (*see generally People v Shoaf*, 63 AD3d 1660 [2009], *lv denied* 13 NY3d 839 [2009]; *People v Wise*, 29 AD3d 1216, 1217 [2006], *lv denied* 7 NY3d 852 [2006]). Additionally, while mitigating factors indeed exist, including defendant's age at the time of the offense (17), lack of a prior criminal history and stated remorse, the record nonetheless reflects that defendant was a willing participant in the underlying robbery. Specifically, defendant admitted during his plea colloquy that he agreed to aid his codefendant in the robbery, accepted a hammer from his codefendant and carried it on his person during the commission of the crime and was aware that his codefendant was armed with a weapon, which defendant believed (albeit erroneously) to be a real gun. Further, the record supports County Court's finding that defendant repeatedly

attempted to minimize his role in the crime. Under these circumstances, we cannot say that County Court abused its discretion in denying defendant's application for youthful offender treatment (*see People v Francis*, 83 AD3d 1119, 1123 [2011]; *see generally People v Smith*, 34 AD3d 1127 [2006]).

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.