■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARON M. HELSTEIN, Appellant. [944 NYS2d 791]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 25, 2010, convicting defendant upon her plea of guilty of the crime of grand larceny in the second degree.

Defendant was charged in a seven-count indictment with various crimes arising from the theft of property from her employer. In satisfaction thereof, she pleaded guilty to grand larceny in the second degree and was to be sentenced to no more than 3 to 9 years in prison. A civil judgment had been entered against defendant in the amount of $349,000 in connection with the theft, and the plea agreement included a provision that defendant would make restitution in such amount. County Court advised defendant that if she paid a substantial portion of the restitution prior to sentencing, she might not have to serve time in state prison. The court adjourned sentencing to give defendant time to make restitution. Ultimately, four months after defendant entered her guilty plea when it became apparent that she was unable to make significant progress in her restitution payments, defendant was sentenced to 3 to 9 years in prison. She now appeals.

Defendant claims that the sentence is harsh and excessive. Based upon our review of the record, we disagree. Defendant embezzled a significant amount of money from her employer and has a prior conviction for a similar type of crime. She was given ample opportunity to demonstrate her ability to significantly reduce the amount of restitution owed in order to avoid prison time, to no avail. In view of this, the fact that the sentence imposed was agreed to by defendant under the terms of the plea agreement and upon review of the record, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Merchant*, 79 AD3d 1526, 1526-1527 [2010]; *People v Birch*, 56 AD3d 808, 809 [2008]).

Peters, P.J., Mercure, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.