(September 20, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN WILSON, Appellant. [950 NYS2d 812]—

Appeal from a judgment of the County Court of Ulster County (Williams Jr., J.), rendered July 27, 2010, (1) convicting defendant upon his plea of guilty of the crime of robbery in the second degree and of violating the terms of his probation, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

In 2009, following his involvement in the robbery of a cab driver, defendant pleaded guilty to robbery in the third degree and was sentenced to six months in jail and five years of probation. While defendant was on probation, he and two others forcibly stole a wallet containing $340 from an 83-year-old man. As a result, defendant was indicted and charged with two counts of robbery in the second degree and also with violating the terms of his probation. In satisfaction of all charges, defendant pleaded guilty to one count of robbery in the second degree and to violating the terms of his probation, resulting in the revocation of his probation and the imposition of a term of imprisonment upon the underlying crime of robbery in the third degree. Although County Court advised defendant of the maximum sentences he could receive for each crime, it did not make any promises with regard to sentencing other than to indicate that the sentences would run concurrently. Thereafter, in accordance with the plea agreement and after considering defendant's status as a second felony offender, County Court sentenced defendant on the charge of robbery in the second degree to 10 years in prison, to be followed by five years of postrelease supervision, and on the charge of robbery in the third degree to $3^1/_2$ to 7 years in prison, which sentences were to run concurrently. Defendant now appeals.

Defendant's sole contention is that the sentences are harsh

and excessive. We disagree. Defendant received an extremely lenient sentence for his first robbery conviction. Less than one year later, he committed the second robbery while still on probation for the first. Significantly, the nature of defendant's crimes exhibit a tendency to prey upon vulnerable, unsuspecting victims. In view of this, and given that the sentences imposed fall within the parameters outlined by County Court under the terms of the plea agreement, we find neither an abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Steck*, 83 AD3d 1297, 1297 [2011], *lv denied* 17 NY3d 802 [2011]).

Lahtinen, J.P., Spain, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.