Appeal from a judgment of the County Court of Ulster County (Williams Jr., J), rendered June 8, 2012, convicting defendant upon his plea of guilty of the crimes of grand larceny in the second degree and criminal tax fraud in the fifth degree.
Defendant, the owner of a gas station and food mart, was involved in a scheme in which he, among other things, allowed customers to use food stamps for ineligible items and filed fraudulent tax returns. As a result, he was charged in an 18-count indictment with numerous theft-related crimes. In satisfaction thereof, he pleaded guilty to grand larceny in the second degree and criminal tax fraud in the fifth degree. During the plea proceedings, the People recommended that defendant be sentenced to concurrent terms of 3 to 9 years in prison on the grand larceny conviction and one year in jail on the tax fraud conviction, and that he make full restitution. County Court agreed with the terms of the plea bargain, but indicated that it was inclined to sentence defendant to 4 to 12 years in prison on the grand larceny conviction unless the parties made a convincing argument otherwise at sentencing. County Court thereafter sentenced defendant to concurrent terms of 4 to 12 years in prison on the grand larceny conviction and one year in jail on the tax fraud conviction, and directed him to make full restitution, which he had already paid. Defendant now appeals.
Defendant’s sole contention is that his sentence on the grand larceny conviction is harsh and excessive. Notwithstanding defendant’s lack of a criminal record and his payment of full restitution (see People v Tesar, 65 AD3d 716, 717-718 [2009]), we are not persuaded that the sentence should be reduced. Defendant used his position as a business owner to engage in a *1215 series of dishonest activities over the course of nearly two years for the sole purpose of enriching himself. Given the gravity of his misconduct, as well as the fact that he entered his guilty plea with the full understanding that he would likely receive a sentence of 4 to 12 years in prison on the grand larceny conviction, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Helstein, 95 AD3d 1564, 1564 [2012], lv denied 19 NY3d 997 [2012]; People v Birch, 56 AD3d 808, 809 [2008]).
Mercure, J.E, Stein, Garry and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.