(May 9, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARRENCE DANIELS, Appellant. [964 NYS2d 753]—

McCarthy, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 8, 2011, which revoked defendant's probation and imposed a sentence of imprisonment.

In May 2010, defendant pleaded guilty to attempted robbery in the second degree. In accordance with the plea agreement, County Court sentenced defendant to six months of incarceration and five years of probation. In August 2010, defendant was charged with violating numerous terms and conditions of his probation. One month later, defendant was served with an amended declaration of delinquency. He subsequently admitted the probation violations, and County Court revoked his probation and sentenced him to five years in prison and three years of postrelease supervision.* Defendant appeals.

Defendant's principal challenges on appeal relate to the legality and propriety of his original conviction in May 2010, from which he did not appeal. Defendant argues, among other things, that he received ineffective assistance of counsel and that his speedy trial rights were violated. The legality of his prior conviction, however, cannot be raised on appeal from the judgment resentencing him after his revocation of probation (see CPL 450.30 [3]; People v Pittman, 17 AD3d 930, 931 n [2005], lv denied 5 NY3d 767 [2005]; People v Stakowski, 276 AD2d 909, 911-912 [2000]; People v Dabbs, 178 AD2d 848, 848-849 [1991], lv denied 79 NY2d 946 [1992]). Thus, any issues regarding defendant's original conviction are not properly before us.

* While County Court initially stated that defendant would receive five years of postrelease supervision, it subsequently corrected the sentence to include only three years of postrelease supervision.

Defendant next argues that County Court relinquished its jurisdiction when it failed to follow the procedural requirements in CPL 410.70 (2). That statute requires that once the court files a declaration of delinquency, the defendant "must appear before the court within [10] business days of the court's issuance of the notice to appear and the court must advise him [or her] of the contents of the statement" (CPL 410.70 [2]). Here, defendant appeared before County Court two days after the amended declaration of delinquency was filed. As it is this amended declaration that was relied upon for the revocation of defendant's probation, the court retained jurisdiction over defendant.

County Court did not err in denying defendant youthful offender treatment. The granting of youthful offender treatment to a defendant rests within the trial court's discretion, and its decision will not be disturbed absent a clear abuse of that discretion (*see People v Clark*, 84 AD3d 1647, 1647 [2011]; *People v McLucas*, 58 AD3d 950, 951 [2009]). County Court did not abuse its discretion in denying defendant youthful offender status based on his criminal history, numerous probation violations, admitted drug use and instances of violent behavior. For those same reasons, the sentence imposed by the court is not unduly harsh or excessive (*see People v Dudley*, 100 AD3d 1103, 1104 [2012]; *People v Smurphat*, 91 AD3d 980, 981 [2012], *lv denied* 18 NY3d 962 [2012]).

Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.