■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARION J. BRODHEAD, Appellant. [965 NYS2d 250]—

Peters, P.J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 26, 2010, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In satisfaction of an indictment, as well as another pending charge, defendant pleaded guilty to one count of criminal possession of a weapon in the second degree. In accordance with the plea agreement, defendant was sentenced to seven years in prison, to be followed by five years of postrelease supervision. Defendant appeals, contending that County Court abused its discretion in denying his application for youthful offender status and that his sentence is harsh and excessive.

We affirm. "The decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (*People v McLucas*, 58 AD3d 950, 951 [2009] [citations omitted]; *accord People v Clark*, 84 AD3d 1647, 1647 [2011]). Inasmuch as defendant was convicted of an armed felony, his eligibility for youthful offender status required, as relevant here, a showing of "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3]; *see* CPL 720.10 [2] [a] [ii]; *People v Ramales*, 70 AD3d 518, 519 [2010], *lv denied* 15 NY3d 756 [2010]), which he failed to make. Further, even if he were eligible, County Court advised defendant prior to accepting his guilty plea that it would not grant him youthful offender status (*see People v Clark*, 84 AD3d at 1647; *see generally People v Wise*, 29 AD3d 1216, 1217 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Sharlow*, 12 AD3d 724, 726 [2004], *lv denied* 4 NY3d 748 [2004]). In light of defendant's violation of probation after being adjudicated a juvenile delinquent and the circumstances surrounding the other pending charge that was encompassed by his guilty plea, we would find that County Court did not abuse its discretion (*see People v Steck*, 83 AD3d 1297, 1297 [2011], *lv denied* 17 NY3d 802 [2011]). Finally, regarding defendant's claim that his negotiated sentence is harsh and excessive, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Whalen*, 101 AD3d 1167, 1169 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Helstein*, 95 AD3d 1564, 1564 [2012], *lv denied* 19 NY3d 997 [2012]).

Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.