Lahtinen, J.E
Appeal from a judgment of the Supreme Court (Nichols, J.), rendered June 21, 2011 in Columbia County, convicting defendant upon her plea of guilty of the crimes of grand larceny in the second degree (two counts), grand larceny in the third degree (two counts), computer trespass (two counts), grand larceny in the fourth degree, falsifying business records in the first degree (eight counts), tampering with public records in the first degree (two counts), obstructing governmental administration in the second degree, criminal possession of stolen property in the fifth degree and attempted forgery in the second degree.
Defendant, a clerk and bookkeeper for the Town of Kinder-hook, Columbia County, stole several hundred thousand dollars from the Town over a three-year period. She left that employment and performed similar tasks for the Town of Greenport, Columbia County, where she stole over $50,000. Defendant ultimately pleaded guilty to a 20-count indictment charging her with numerous offenses related to the thefts and her efforts to conceal them, with no promises being made as to the sentence. Supreme Court sentenced defendant to an aggregate prison term of 3 to 9 years and ordered her to pay restitution.
Defendant now appeals, arguing solely that the sentence *1155 imposed was harsh and excessive. We disagree. Supreme Court acknowledged that it had reviewed the letters written in support of defendant, the presentence investigation report, and indications that her crimes were motivated by a shopping addiction. It questioned her claim of addiction, however, and stressed the scope of her deceit in stealing massive sums of money from the two towns over several years. Under these circumstances, we perceive no extraordinary circumstances nor any abuse in discretion that would warrant a reduction of the sentence in the interest of justice (see People v Farnsworth, 103 AD3d 982, 984 [2013]; People v Helstein, 95 AD3d 1564, 1564 [2012], lv denied 19 NY3d 997 [2012]).
Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.