Egan Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 11, 2011, convicting defendant upon his plea of guilty of the crimes of rape in the third degree and criminal contempt in the second degree.
Defendant, who was born in Guyana, waived indictment and pleaded guilty to a superior court information charging him with rape in the third degree and criminal contempt in the second degree and waived his right to appeal. Thereafter, defendant retained new counsel, who moved to withdraw the plea based upon assigned counsel’s admitted failure to advise defendant of the deportation consequences thereof. Following an evidentiary hearing, County Court denied the motion and sentenced defendant to the agreed-upon prison term of 1½ years followed by five years of postrelease supervision. Defend *1373 ant now appeals, contending that he was denied the ineffective assistance of counsel.
We affirm. To the extent that defendant’s ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives defendant’s unchallenged waiver of the right to appeal and, further, is preserved for our review by defendant’s motion to withdraw his plea based upon assigned counsel’s failure to apprise him of the deportation consequences associated therewith as required by Padilla v Kentucky (559 US 356, 366-369 [2010]). As to the merits, assigned counsel’s undisputed failure to advise defendant of the deportation consequences of his plea indeed constituted deficient representation (see id. at 370-371); however, a defendant seeking to withdraw his or her plea upon this ground “must show that there is a reasonable probability that, but for counsel’s errors, he [or she] would not have pleaded guilty and would have insisted on going to trial” (People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US —, 134 S Ct 1900 [2014] [internal quotation marks and citation omitted]; accord People v Galan, 116 AD3d 787, 788-789 [2014]).
Here, defendant readily acknowledged at the underlying hearing that he had sexual intercourse with the underage victim and, further, that his signed, written statement to that effect and the corresponding DNA evidence constituted “strong evidence” of his guilt. Defendant also made clear that he regarded “serving time” in prison to be a “bigger punishment than being deported,” and the hearing testimony reflects that defendant elected to plead guilty in an effort to receive a more favorable sentence. In light of defendant’s own testimony, we do not find that there was a reasonable probability that, but for assigned counsel’s error, defendant would have insisted upon going to trial. Accordingly, County Court properly denied defendant’s motion to withdraw his plea.
To the extent that defendant contends that retained counsel failed to provide him with meaningful representation during the course of the Padilla hearing, we disagree. Finally, any arguments relative to retained counsel’s representation at the subsequent hearing to determine defendant’s risk level classification under the Sex Offender Registration Act (see Correction Law art 6-C) are not reviewable in the context of defendant’s direct appeal from the judgment of conviction (cf. People v Smith, 15 NY3d 669, 673 [2010]; see Correction Law § 168-d *1374 [3]).* Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Stein, Garry and Devine, JJ., concur.
Ordered that the judgment is affirmed.

 Defendant’s challenge to his risk level classification is the subject of a separate appeal (People v Rupnarain, 123 AD3d 1372 [2014] [decided herewith]).