*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    105485
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ROODY DORFEUILLE,
                        Appellant.
_____

Calendar Date:  February 11, 2015

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Richard V. Manning, Parishville, for appellant.

        Mary E. Rain, District Attorney, Canton (Patricia C.
Campbell, Syracuse, of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered August 22, 2012, which
resentenced defendant following his conviction of the crimes of
attempted assault in the first degree and attempted gang assault
in the first degree.

        Defendant and his codefendants, Darryl Tucker and Jevaughn
Francis, were indicted on several charges stemming from their
involvement in a violent attack upon the victim during which they
punched, kicked and stabbed the victim several times.  Following
a jury trial, defendant and Tucker were found guilty of gang
assault in the first and second degrees and assault in the first
and second degrees, and Francis was found guilty of assault in
the second degree.  Defendant was sentenced, as relevant here, to

concurrent prison terms of 12 years followed by five years of postrelease supervision for both gang assault in the first degree and assault in the first degree. Upon defendant's appeal, we dismissed the counts charging gang assault in the second degree and assault in the second degree, reduced the conviction of gang assault in the first degree to attempted gang assault in the first degree and the conviction of assault in the first degree to attempted assault in the first degree, and remitted the matter for resentencing on those reduced counts (91 AD3d 1023 [2012], lv denied 19 NY3d 996 [2012]).[1] Upon remittal, County Court denied defendant's application for youthful offender status and resentenced him to an aggregate prison term of 11 years followed by five years of postrelease supervision. Defendant appeals.

We are unpersuaded by defendant's contention that County Court abused its discretion in denying him youthful offender status. Initially, to the extent that defendant asserts that the presentence investigation report relied upon by County Court was incomplete and that the court erred in resentencing him without an updated report, such claims are unpreserved for our review inasmuch as defendant failed to request an updated report, raise an objection during resentencing or move to vacate the resentence (see People v Brown, 123 AD3d 1298, 1299 [2014]; People v Alexander, 110 AD3d 1111, 1111-1112 [2013], lv denied 22 NY3d 1154 [2014]; People v Warriner, 98 AD3d 1190, 1191 [2012]). Indeed, in response to County Court's inquiry, defense counsel specifically indicated that there was no need for an update of the presentence report. In any event, defendant was given an opportunity to apprise the court of any pertinent information prior to resentencing (see People v Clark, 80 AD3d 1079, 1079 [2011]; People v Kaulback, 46 AD3d 1027, 1028 [2007]).

---

[1] Tucker's judgment of conviction was similarly modified by this Court on appeal (People v Tucker, 91 AD3d 1030 [2012], lv denied 19 NY3d 1002 [2012]) and, upon remittal, Tucker was resentenced to an aggregate prison term of nine years followed by five years of postrelease supervision. Francis' conviction of assault in the second degree was affirmed (People v Francis, 83 AD3d 1119 [2011], lv denied 17 NY3d 806 [2011]).

Addressing the merits of defendant's argument, "[t]he decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Brodhead, 106 AD3d 1337, 1337 [2013], lv denied 22 NY3d 1087 [2014] [internal quotation marks and citations omitted]; see People v Daniels, 106 AD3d 1189, 1190 [2013], lv denied 21 NY3d 1014 [2013]).  Here, although defendant was 17 years old at the time of the incident and had no prior criminal record, County Court placed great emphasis on the gravity of the crimes and the violent and intentional nature of the concerted attack by defendant and his codefendants against this unarmed victim.  The court also specifically noted defendant's repeated failure to accept responsibility for the crimes or admit that he had engaged in any wrongdoing.  Under these circumstances, we cannot say that County Court abused its discretion in denying defendant's application for youthful offender treatment (see People v Fernandez, 106 AD3d 1281, 1286 [2013]; People v Clark, 84 AD3d 1647, 1647-1648 [2011]; People v Francis, 83 AD3d 1119, 1123 [2011], lv denied 17 NY3d 806 [2011]; People v Driggs, 24 AD3d 888, 889 [2005]).

For the same reasons, we are also unconvinced that defendant's resentence, which falls within the permissible statutory range, was harsh or excessive.  Contrary to defendant's argument, the mere fact that Tucker received a lesser sentence upon his conviction of the same crimes (see n, supra) does not warrant a reduction of his sentence (see People v Robinson, 117 AD3d 1099, 1101 [2014], lvs denied 23 NY3d 1059, 1066 [2014]; People v Manley, 70 AD3d 1125, 1125 [2010]; People v Fernandez, 30 AD3d 626, 627 [2006]; People v Roberts, 301 AD2d 756, 757 [2003]), particularly since the circumstances surrounding the sentencing of each were different (see People v Purcell, 8 AD3d 821, 822 [2004]; People v Durrence, 244 AD2d 728, 728 [1997], lv denied 91 NY2d 925 [1998]).

Defendant's remaining claim, that he was denied the effective assistance of counsel at the resentencing, is without merit.

Garry, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court