## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: November 19, 2015          106587
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                Respondent,

       v                              MEMORANDUM AND ORDER

SHAYLEN M. NOLAN,
                Appellant.
_____

Calendar Date: October 20, 2015

Before: Peters, P.J., Lahtinen, Garry and Clark, JJ.

_____

Richard V. Manning, Parishville, for appellant.

Andrew J. Wylie, District Attorney, Plattsburgh (Ashley M. Monette, Law Intern), for respondent.

_____

Peters, P.J.

Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered November 7, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

In July 2012, defendant waived indictment and agreed to be prosecuted by a superior court information charging her with criminal nuisance in the first degree stemming from allegations that she allowed heroin to be sold from her apartment in exchange for free drugs and rent money. Defendant pleaded guilty as charged with the understanding that, if she were accepted into and successfully completed the Clinton County Drug Court program, she would be placed on probation for five years with a period of community service and she would be obligated to cooperate and provide truthful testimony against certain codefendants.

Defendant was thereafter accepted into the drug court program. In May 2013, upon completion of, among other things, certain inpatient and intensive outpatient treatment, and, based on the availability of a supportive living program in Albany County, County Court agreed to administratively discharge defendant from the drug court program and sentenced her to a period of five years of probation and 100 hours of community service and imposed the requisite $375 in associated fines and surcharges.[1] Four months later, defendant was returned to County Court on a bench warrant for a violation of probation stemming from, among other things, her discharge from the supportive living program. In November 2013, defendant admitted to violating her probation and County Court revoked her probation and resentenced her to a prison term of 1⅓ to 4 years. Defendant appeals.

We affirm. To the extent that defendant contends that County Court erred in resentencing her without an updated presentence investigation report, such claim is unpreserved for our review inasmuch as defendant failed to request an updated report, raise an objection during resentencing or move to vacate the resentence (see People v Dorfeuille, 127 AD3d 1414, 1414-1415 [2015], lv denied 26 NY3d 928 [2015]; People v Alexander, 110 AD3d 1111, 1111 [2014], lv denied 22 NY3d 1154 [2014]). With respect to defendant's claim that her resentence is harsh and excessive, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Crowell, 119 AD3d 1163, 1164 [2014], lv denied 24 NY3d 1083 [2014]; People v Fitzgerald, 100 AD3d 1268, 1269 [2012], lv denied 20 NY3d 1011 [2013]).

Lahtinen, Garry and Clark, JJ., concur.

---

[1] Defendant's probation supervision was temporarily transferred to Albany County; however, the subject violation of probation petition was filed prior to the final transfer thereof.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court