■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER PRICE, Appellant. [55 NYS3d 768]—

Egan Jr., J. Appeal from a judgment of the County Court of Ulster County (McGinty, J.), rendered February 24, 2015, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the second degree.

In 2007, defendant pleaded guilty to criminal sexual act in the first degree and conspiracy in the fourth degree and was sentenced to a term of imprisonment. Upon appeal, this Court vacated the underlying plea, dismissed the superior court information charging defendant with conspiracy in the fourth degree and remitted the matter for further proceedings (113 AD3d 883 [2014]). Upon remittal, defendant pleaded guilty to the reduced charge of criminal sexual act in the second degree—a crime committed by defendant when he was less than 19 years old. At sentencing, County Court denied defendant's request for youthful offender status and sentenced defendant to a prison term of 2 to 6 years—time that defendant already had served. Immediately after imposing sentence, County Court conducted a risk assessment hearing for purposes of the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), designated defendant as a risk level two sex offender and denied defendant's request for a downward departure. Defendant now appeals—challenging both his SORA classification and the denial of his request for youthful offender status.

Preliminarily, defendant's challenge to his risk level classification is not properly before us. "[I]nasmuch as the SORA

determination is not part of the criminal action" (*People v Ayala*, 72 AD3d 1577, 1578 [2010], *lv denied* 15 NY3d 816 [2010]), such determination is not reviewable upon an appeal from the judgment of conviction (*cf. People v Smith*, 15 NY3d 669, 672 [2010]; *People v Brown*, 141 AD3d 535, 536 [2016], *lv denied* 28 NY3d 1026 [2016]; *People v Rupnarain*, 123 AD3d 1372, 1373 [2014]). Rather, a challenge to a risk level classification properly arises upon an appeal from the order imposing such classification.

With respect to the denial of defendant's request for youthful offender status, "[t]he decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (*People v Brodhead*, 106 AD3d 1337, 1337 [2013] [internal quotation marks and citations omitted], *lv denied* 22 NY3d 1087 [2014]; *accord People v Dorfeuille*, 127 AD3d 1414, 1415 [2015], *lv denied* 26 NY3d 928 [2015]). In determining whether to accord a defendant youthful offender status, "the factors to be considered include the gravity of the crime and manner in which it was committed, mitigating circumstances, [the] defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, [the] defendant's reputation, the level of cooperation with authorities, [the] defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (*People v Cruickshank*, 105 AD2d 325, 334 [1985], *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625 [1986]; *see People v Marquis A.*, 145 AD3d 61, 69 [2016]; *People v Peterson*, 127 AD3d 1333, 1334 [2015], *lv denied* 25 NY3d 1206 [2015]).

In evaluating defendant's request for youthful offender status, County Court took into account the nature of the underlying crime and the specific conduct relative thereto, which involved defendant engaging in anal sexual intercourse with a relative who was less than 13 years old. Additionally, County Court considered defendant's risk of reoffending, which was assessed as "low to moderate." In this regard, County Court noted that "low to moderate . . . [was] not a finding that there [was] a low risk"; rather, such assessment spoke to a risk of reoffending that "straddle[d] a lot of area." County Court also acknowledged that certain factors militated in favor of granting defendant's request, including defendant's mental health issues, previous history of abuse and lack of a prior criminal record, as well as a favorable recommendation from the local probation department, but expressed concern that ac-

cording defendant youthful offender status would mean that "there would be no SORA finding." While we agree with defendant that County Court should not have considered whether granting defendant's request for youthful offender status would allow him to circumvent SORA and its attendant requirements, upon due consideration of all of the relevant and appropriate factors, we do not find that County Court abused its discretion in denying defendant youthful offender status, and we decline to grant defendant such status in the interest of justice.

Peters, P.J., McCarthy, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.