Garry, J.P.
 

 Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 24, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
 

 In satisfaction of two indictments, defendant pleaded guilty to burglary in the first degree. County Court declined to adjudicate defendant a youthful offender and sentenced him, in accordance with the plea agreement, to a prison term of 10 years followed by five years of postrelease supervision. Defendant appeals.
 

 Defendant contends that County Court erred in not granting him youthful offender status. “The decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court’s discretion and, absent a clear abuse of that discretion, its decision will not be disturbed” (People v Brod-head, 106 AD3d 1337, 1337 [2013] [internal quotation marks and citations omitted], lv denied 22 NY3d 1087 [2014]; see People v Green, 128 AD3d 1282, 1283 [2015]). Here, County Court considered relevant factors in denying defendant’s request for youthful offender status, including the serious and violent nature of the crime — which included a home invasion with the objective of stealing drugs, during which defendant inflicted stab wounds on the victim — and defendant’s recent flurry of criminal conduct spanning four months. In view of this, and upon our review of the record, we discern no abuse of the court’s discretion (see People v Green, 128 AD3d at 1283; People v Dorfeuille, 127 AD3d 1414, 1415 [2015], lv denied 26 NY3d 928 [2015]; People v Butler, 111 AD3d 1024, 1024 [2013], lv denied 23 NY3d 961 [2014]). Further, as to defendant’s request that we exercise our interest of justice jurisdiction, we do not find that certain mitigating factors regarding defendant’s personal and family history warrant a substitution of our own discretion to grant defendant youthful offender status (see People v Chappelle, 282 AD2d 881, 882 [2001]).
 

 We also find without merit defendant’s contention that the sentence imposed is harsh and excessive. The record establishes that County Court imposed a sentence that was in accordance with the terms of the plea agreement after considering the nature of the crime and other relevant sentencing factors. Under these circumstances, we find no abuse of discretion or extraordinary circumstances to warrant a reduction of that sentence in the interest of justice (see People v Brabham, 126 AD3d 1040, 1044 [2015], lv denied 25 NY3d 1160 [2015]).
 

 Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.