People v Jayden A. (2018 NY Slip Op 02221)





People v Jayden A.


2018 NY Slip Op 02221


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108899

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAYDEN A., Appellant.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 20, 2016, (1) convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree, and (2) which sentenced defendant upon his conviction as a youthful offender.
Defendant was 16 years old when he pleaded guilty to two counts of burglary in the third degree arising from incidents occurring in January and April 2016. Although no particular sentencing commitment was made, County Court agreed to consider adjudicating defendant a youthful offender and to sentence him to
concurrent terms of 1&frac13; to 4 years in prison. Prior to sentencing, defendant pleaded guilty to criminal possession of stolen property in the fourth degree as the result of an incident occurring in July 2016 [FN1]. County Court again expressed its willingness to consider adjudicating defendant a youthful offender and to sentence him to 1&frac13; to 4 years in prison, to run concurrently to the sentences imposed on the burglary convictions. At sentencing, County Court adjudicated defendant a youthful offender with respect to the burglary convictions and sentenced him to [*2]concurrent prison terms of 1&frac13; to 4 years. The court, however, declined to adjudicate him a youthful offender with respect to his conviction of criminal possession of stolen property in the fourth degree and sentenced him to 1&frac13; to 4 years in prison, to run concurrently with the sentences imposed on the burglary convictions. Defendant now appeals.
Defendant asserts that County Court erroneously refused to adjudicate him a youthful offender on his conviction of criminal possession of stolen property in the fourth degree. We disagree. CPL 720.20 (1) (a) vests County Court with the discretion to adjudicate an eligible youth a youthful offender if "in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record." As this Court has recognized, "the decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Strong, 152 AD3d 1076, 1077 [2017] [internal quotation marks, brackets and citations omitted]; see People v Wolcott, 154 AD3d 1001, 1001 [2017]). Here, the court determined that a youthful offender adjudication was not warranted after carefully considering the defendant's seven-month course of criminal conduct and his background. Specifically, the court took into consideration defendant's prior burglary convictions, which involved his entry into a private residence and use of an air-soft pistol, his use of a stolen credit card after appearing in court and spending time in jail on the burglary charges, as well as his prior juvenile and substance abuse history. Under the circumstances presented, we cannot conclude that County Court abused its discretion in denying defendant youthful offender status on his conviction of criminal possession of stolen property in the fourth degree (see People v Green, 128 AD3d 1282, 1283 [2015]; People v Daniels, 106 AD3d 1189, 1190 [2013], lv denied 21 NY3d 1014 [2013]).
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant waived his right to appeal, the parties agreed that it did not encompass his potential adjudication as a youthful offender.