People v Soule (2018 NY Slip Op 04789)





People v Soule


2018 NY Slip Op 04789


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
JACOB R. SOULE JR., Appellant.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Kevin A. Jones, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Sophie Marmor of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 1, 2014, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
Defendant was charged in an eight-count indictment with various crimes arising from inappropriate sexual contact that he purportedly had with two female victims, ages 13 and 14, when he was 18 years old. In satisfaction thereof, he pleaded guilty to one count of rape in the second degree relating to the 13-year-old victim. In accordance with the terms of the plea agreement, defendant was sentenced to a split sentence of six months in jail and 10 years of probation and orders of protection were issued in favor of both victims. County Court denied his request for youthful offender treatment, and he now appeals.
Defendant's sole challenge is to County Court's failure to
to adjudicate him a youthful offender. We note that "[t]he decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Wolcott, 154 AD3d 1001, 1001 [2017] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [May 14, 2018]; see People v Clark, 84 AD3d 1647, 1647 [2011]). Contrary to defendant's claim, the record does not disclose that County Court denied him youthful offender treatment [*2]based on a crime of which he was not convicted involving the 14-year-old victim. Rather, the court provided a detailed explanation of the reasons for the denial noting that, "due to the nature of . . . your prior history with law enforcement, including several violations of probation, and the multiplicity of victims in this case, and the case pending in City Court, the [c]ourt feels that affording you youthful offender status is not called for." By referencing the multiplicity of victims and the other pending case, the court was acknowledging defendant's pattern of predatory sexual behavior, which was clearly relevant to its decision to deny him youthful offender status. Notably, it was largely due to such behavior that the Probation Department recommended denying defendant youthful offender status. Thus, under the circumstances presented, we find that County Court did not abuse its discretion (see People v Jayden A., 159 AD3d 1284, 1285 [2018]; People v Green, 128 AD3d 1282, 1283 [2015]; People v Brodhead, 106 AD3d 1337, 1337 [2013], lv denied 22 NY3d 1087 [2014]). Furthermore, we decline to exercise our interest of justice jurisdiction as "we do not find that certain mitigating factors regarding defendant's personal and family history warrant a substitution of our own discretion to grant defendant youthful offender status" (People v Wolcott, 154 AD3d at 1001).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.