People v Wilson (2018 NY Slip Op 06598)





People v Wilson


2018 NY Slip Op 06598


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

108815

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DUNNA WILSON, Appellant.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Dennis J. Lamb, Troy, for defendant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered December 18, 2015, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree (two counts) and robbery in the third degree.
When he was 17 years old, defendant forcibly took property from a pedestrian and burglarized two homes in Schenectady County. He subsequently waived indictment and agreed to be prosecuted by a superior court information charging him with robbery in the third degree and two counts of burglary in the third degree. Defendant pleaded guilty to these crimes in satisfaction thereof as well as other potential charges and executed a written waiver of the right to appeal. Under the terms of the plea agreement, defendant did not seek to be adjudicated a youthful offender, but agreed to be sentenced to concurrent prison terms of 2&frac13; to 7 years for each conviction. Prior to sentencing, County Court undertook an in depth examination of whether defendant should be sentenced as a youthful offender (see CPL 720.10; People v Rudolph, 21 NY3d 497 [2013]). It ultimately declined to sentence him as such and sentenced him in accordance with the plea agreement. Defendant now appeals.
Defendant contends that County Court erroneously failed to adjudicate him a youthful offender. Although a valid waiver of the right to appeal precludes such a claim (see People v Simmons, 159 AD3d 1270, 1271 [2018]; People v Caggiano, 150 AD3d 1335, 1336 [2017], lv denied 29 NY3d 1124 [2017]), defendant's appeal waiver was invalid as he was not advised of the separate and distinct nature of the waiver and County Court did not ascertain that he understood its many ramifications (see People v Hart, 160 AD3d 1137, 1138 [2018]; People v Thompson, 157 AD3d 1141, 1141 [2018]). Turning to the merits, "[t]he decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Wolcott, 154 AD3d 1001, 1001 [2017] [internal quotation marks and citations omitted], lv denied 31 [*2]NY3d 1089 [2018]; see People v Strong, 152 AD3d 1076, 1077 [2017]). Among the factors to be considered are "'the gravity of the crime and manner in which it was committed, mitigating circumstances, [the] defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, [the] defendant's reputation, the level of cooperation with authorities, [the] defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Price, 150 AD3d 1485, 1486 [2017], lv denied 29 NY3d 1132 [2017], quoting People v Cruickshank, 105 AD2d 325, 334 [1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]).
Here, County Court obtained an updated presentence investigation report specifically addressing the issue of youthful offender treatment and held proceedings at which both the People and defense counsel presented arguments on this issue. During these proceedings, it was disclosed that defendant had previously been adjudicated a juvenile delinquent for committing the crime of criminal possession of stolen property in the fourth degree and that he had disciplinary problems and was frequently absent from school. In addition, defendant admitted to smoking marihuana on a daily basis, had several arson charges pending at the time of the plea, had been arrested for an assault in jail while his case was pending, committed one of the burglaries while the homeowners were sleeping upstairs and appeared unmoved by his criminal conduct during the probation interview. County Court concluded that defendant's pattern of criminal conduct and the gravity of the crimes, particularly those involving the invasion of private homes, warranted denying defendant youthful offender treatment. Under the circumstances presented, we do not find that County Court abused its discretion (see People v Jayden A., 159 AD3d 1284, 1285 [2018], lv denied 31 NY3d 1118 [2018]; People v Strong, 152 AD3d at 1077). Furthermore, in view of the above and given that the sentence imposed was agreed to by defendant as part of the plea agreement, we do not find extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Wolcott, 154 AD3d at 1002; People v Strong, 152 AD3d at 1077).
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.