People v Moon (2019 NY Slip Op 07118)





People v Moon


2019 NY Slip Op 07118


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

110199

[*1]The People of the State of New York, Respondent,
v
Tyreem D. Moon, Appellant.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Michael T. Baker, Public Defender, Binghamton (Jake Buckland of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 15, 2018, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant was charged in a three-count indictment with various crimes, including attempted murder in the second degree, arising from his alleged knife attack on the victim, who was a family friend, that occurred when defendant was 18 years old. In satisfaction thereof, defendant pleaded guilty to assault in the second degree. County Court denied defendant's request for youthful offender treatment and sentenced him in accordance with the terms of the plea agreement to a prison term of two years, followed by three years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that County Court abused its discretion in declining to grant him youthful offender status. "CPL 720.20 (1) (a) vests County Court with the discretion to adjudicate an eligible youth a youthful offender if 'in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record'" (People v Jayden A., 159 AD3d 1284, 1285 [2018], lv denied 31 NY3d 1118 [2018]). Absent a clear abuse of discretion, the sentencing court's determination as to whether to grant youthful offender status will not be disturbed (see People v Soule, 162 AD3d 1407, 1407 [2018], lv denied 32 NY3d 1068 [2018]; People v Wolcott, 154 AD3d 1001, 1001 [2017], lv denied 31 NY3d 1089 [2018]). The record reflects that the court thoroughly considered relevant factors in denying defendant's request to be adjudicated a youthful offender, even adjourning the initial sentencing to further consider defendant's request. Upon reconvening for sentencing, County Court explicitly noted defendant's age, the difficulty he endured over the course of his lifetime and his two prior youthful offender adjudications. The court noted, however, that the unprovoked knife attack, which had the potential of being more serious absent the victim's defensive maneuvers, outweighed youthful offender status. In view of the foregoing, we are unpersuaded that the court abused its discretion in denying youthful offender status (see People v Soule, 162 AD3d at 1408; People v Wolcott, 154 AD3d at 1001; People v Green, 128 AD3d 1282, 1283 [2015]).
Lynch, J.P., Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed.